**In re Ewald Frank REETZ, Dorothy Ann Reetz, Debtors.**

**Bankruptcy No. EF11–85–00371.**

United States Bankruptcy Court, W.D. Wisconsin.

May 9, 1986.

Frank Vazquez, Neillsville, Wis., for Bank of Neillsville.

Howard White, Eau Claire, Wis., for debtors.

## OPINION AND ORDER

WILLIAM H. FRAWLEY, Bankruptcy Judge.

The Neillsville Bank (Bank), by Frank Vazquez, has brought a motion requesting the court to prohibit the debtors from using proceeds. Ewald and Dorothy Reetz were divorced on February 14, 1986. The debtor, Ewald Reetz, now appears by Howard White and contests the Bank's motion. The debtor also motions the court pursuant to 11 U.S.C. § 1121 requesting an extension of time to file a plan of reorganization. A hearing was held on these matters on January 27, 1986. An adjourned hearing was held on April 28, 1986. The court has been holding its decision on these matters pending a meeting between the debtor and the FmHA concerning the extension of a further loan commitment. No such commitment has yet been provided.

The Bank claims to hold a perfected security interest in "the debtors' farm equipment, all livestock and young of livestock, all livestock feed, all farm supplies, and all accounts from the sale of products of livestock including proceeds from the sale of milk." The Bank does not presently possess a milk assignment. The Bank requests: "(1) that the debtors in possession be ordered to cease the spending of proceeds from the prepetition inventory and accounts receivable, including the proceeds from the sale of milk, which are in, or which hereafter come into, their possession, custody, or control; (2) that the debtors in possession be ordered to place into a segregated account all future collections of proceeds from Neillsville Bank's security; (3) that the debtors in possession be ordered to place into such segregated account a sum sufficient to cover proceeds of [the] Bank's collateral which they have heretofore disposed of; and (4) that it have such other and further relief as is deemed just."

Initially the court notes that proceeds from the sale of milk are cash collateral as defined at 11 U.S.C. § 363. *Matter of Johnson,* 47 B.R. 204, 207 (Bankr.W.D. Wis.1985). However, milk proceeds are also property of the bankruptcy estate under 11 U.S.C. § 541(a)(6). Apparently it is the milk proceeds that the Bank is primarily interested in.

The critical determination here is whether the Bank is adequately protected with

respect to these milk proceeds. A perfected security interest in milk proceeds entitles the holder to a stream of payments. The value of this stream of payments is directly related to the labor expended in the milking and care of the cows. If the debtor ceases to care for the cows the stream of payments may be more appropriately referred to as a trickle of payments. Hence, it is apparent that the labor of the debtor is a very important component in the value of the stream of payments in which the Bank is claiming a security interest. It is equally apparent that the assets in which the Bank has a perfected security interest contribute to the production of milk. The test of whether a creditor's cash collateral is adequately protected is: has the debtor provided a method of ultimately giving creditors the value of their cash collateral. *Matter of Johnson*, 47 B.R. 204, 209 (Bankr.W.D.Wis.1985).

In the present case the debtor has not offered to make any payments of adequate protection. There is no evidence to indicate that the value of the collateral securing the debt is increasing. Presently, the debtor is not making any payments at all to the Bank for the use of the proceeds. It is the conclusion of the court that the debtor is using the milk proceeds in contravention of 11 U.S.C. § 363(c)(2)(B). The Bank is entitled to have the debtor place a portion of the milk proceeds in a segregated fund.

The debtor has applied pursuant to 11 U.S.C. § 1121(b) and (d) for an extension of time to file a plan of reorganization. The debtor filed for relief under the Bankruptcy Code in March of 1985. Well over a year has elapsed and a plan of reorganization has not yet been proposed. The Bankruptcy Code provides that "only the debtor may file a plan until after 120 days after the date of the order for relief." 11 U.S.C. § 1121(b). The court may, in its discretion, increase the 120 day period for cause. 11 U.S.C. § 1121(d). It is the conclusion of the court that the debtor's exclusive time for filing a plan of reorganization has expired.

This opinion shall constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.

### ORDER

NOW, THEREFORE, IT IS ORDERED THAT, the debtor's motion for an extension of time to file a plan of reorganization is hereby denied.

IT IS FURTHER ORDERED THAT, the attorney for the Bank of Neillsville, Frank Vazquez, is directed to submit a proposed order within 10 days with respect to the segregation of proceeds consistent with the findings of this opinion.